UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAINSTAY HIGH YIELD CORPORATE BOND FUND,
ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,

               Plaintiff,                    Case No. 07-10542


vs.                                 DISTRICT JUDGE GERALD E. ROSEN
                                 MAGISTRATE JUDGE STEVEN D. PEPE

HEARTLAND INDUSTRIAL PARTNERS, L.P.,
a Delaware limited liability partnership,
HEARTLAND INDUSTRIAL ASSOCIATES, L.L.C.,
a Delaware limited company, DAVID A. STOCKMAN,
J. MICHAEL STEPP, TIMOTHY D. LEULIETTE,
DANIEL P. TREDWELL, W. GERALD MCCONNELL,
SAMUEL VALENTI, III, JOHN A. GALANTE,
BRYCE M. KOTH, GERALD E. JONES, DAVID R.
COSGROVE, and ELKIN B. MCCALLUM,

               Defendants.

==============================/

**ORDER GRANTING IN PART DEFENDANT DAVID STOCKMAN'S MOTION TO COMPEL JOHNSON CONTROLS, INC. TO COMPLY WITH NONPARTY SUBPOENA (DKT. #147)
AND
ORDER GRANTING IN PART DEFENDANT DAVID STOCKMAN'S MOTION TO ENFORCE SUBPOENA DUCES TECUM TO NAVISTAR, INC. (DKT. #149)
AND
ORDER GRANTING IN PART DEFENDANT DAVID STOCKMAN'S MOTION TO ENFORCE SUBPOENA DUCES TECUM TO DURA OPERATING CORP (DKT. #150)**

       This securities class action is asserted against Heartland and a core group of insiders that

controlled Collins & Aikman Corp. ("C&A" or the "Company"), a now-bankrupt automotive

parts manufacturer located in Michigan. As alleged in the Complaint, from at least 2001 through

May 2005, Defendants were engaged in a fraudulent scheme designed to falsify the Company's financial statements and conceal the true state of C&A's finances from investors and others (Dkt. #1, ¶3).  On May 16, 2005, following the assertion of an alleged massive accounting fraud at the Company, C&A filed for bankruptcy under Chapter 11 (Dkt. #1, ¶¶10, 27).

On March 6, 2009, Defendant David Stockman moved to compel three non-parties to comply with subpoenas he issued requesting various documents (Dkt. #147, #149 & #150). These three non-parties are: (1) Johnson Controls, Inc. ("JCI"), (2) Navistar, Inc. ("Navistar") and (3) Dura Operating Corp ("Dura").  All three motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #159).  A hearing was held on April 10, 2009, at which time all unresolved issues were heard.  For the reasons stated on the record and indicated below, Defendant Stockman's motions are **GRANTED IN PART**.

The subpoenas at issue seek documents in three categories: (1) documents concerning communications between the non-parties and Defendants; (2) documents concerning communications between the non-parties and any governmental agency concerning Defendants or C&A and; (3) documents concerning the non-parties policies and practices pertaining to rebate accounting.

At the hearing, JCI and Navistar indicated that they checked with their clients, but do not have documents concerning communications between themselves and defendants or between themselves and any governmental agency concerning Defendants or C&A.  Accordingly, no further response is required from these non-parties as it relates to these two areas.  Dura's counsel represented that Dura did not have any communications between itself and the Defendants, but needed to check with her client to determine if there were any documents

concerning communications between the non-parties and any governmental agency concerning Defendants or C&A.  If after consulting with her client, Dura's counsel identifies any responsive documents, these documents shall be produced to Defendant Stockman.  If no such documents exist, Dura's counsel shall so inform Defendant Stockman's counsel.

As to item (3), documents concerning the non-parties policies and practices pertaining to rebate accounting, it was determined that the probative value of locating the documents at issue was outweighed by the large burden it placed on the non-parties both for the initial production and the likely follow-up depositions that one or the other party is likely to pursue.  Instead, each non-party was asked to provide Defendant Stockman with a declaration under 28 U.S.C. § 1746 [1] from an accounting expert, which fully addresses the following issue: how does each third party account for non-refundable cash rebates given in expectation of future business?  This issue was not resolved by any "higher authority" under the SFAS No. 162 hierarchy and therefore was deemed a relevant inquiry by Defendant Stockman.  The non-parties will have a meet and confer with Defendant Stockman to construct a sufficient and reasonable interrogatory, with a manageable number of sub-parts, to put to each non-parties' accounting expert.  Plaintiffs' counsel will be allowed to participate in these discussions.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part

---

[1] Under 28 U.S.C. § 1746 a person need not appear before a notary public to make a declaration in federal court subject to penalties of perjury if the statement concludes with a final paragraph "I declare under penalties of perjury that the foregoing is true and correct. Executed on _(insert date)_ .

                                                                _(Signature)_ "

3

of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.


**SO ORDERED.**


s/Steven D. Pepe

United States Magistrate Judge

Dated:  April 10, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or
parties of record by electronic means or U.S. Mail on April 10, 2009.


S/V. Sims

Case Manager

4